**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Elias GOMEZ–FUNEZ, Defendant–
Appellant.**

No. 00–10327.

D.C. No. CR 99–00874 SMM.

United States Court of Appeals,
Ninth Circuit.

Submitted May 18, 2001.*

Decided June 6, 2001.

Before O'SCANNLAIN, TASHIMA,
and THOMAS, Circuit Judges.

MEMORANDUM **

Elias Gomez–Funez ("Gomez") appeals from his conditional guilty plea and sentence for illegal re-entry pursuant to 8 U.S.C. § 1326. The parties are familiar with the facts underlying this appeal, so we need not repeat them here. This court has jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo the denial of a motion to dismiss an indictment on due process grounds. *United States v. Eshkol*, 108 F.3d 1025, 1027 (9th Cir.1997). We

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

review de novo the denial of a defendant's collateral attack on a deportation proceeding. *United States v. Garza–Sanchez*, 217 F.3d 806, 808 (9th Cir.2000). We review a claim under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), for plain error when raised for the first time on appeal. *United States v. Castillo–Rivera*, 244 F.3d 1020, 1024 (9th Cir.2001).

■ Gomez contends that the district court erred by denying his motion to dismiss the indictment because, as an alien with an aggravated felony conviction, he was barred from judicial review of the underlying deportation order pursuant to 8 U.S.C. § 1252(a)(2)(C) and therefore that deportation cannot be used as the basis for his current criminal conviction. This argument has no merit because Gomez was able to collaterally attack the deportation order in district court and thereby availed himself of an alternative means of judicial review sufficient to satisfy due process. *See United States v. Herrera–Blanco*, 232 F.3d 715, 718 (9th Cir.2000).

■ Gomez also contends that the deportation proceeding was procedurally defective because the immigration judge did not obtain an individualized waiver of his right to appeal and did not explain the potential for relief from deportation. In order to succeed with such a collateral attack, Gomez must demonstrate that his due process rights were violated by the defects and that he suffered prejudice as a result. *See United States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir.2000). To show prejudice, Gomez must offer "plausible grounds of relief which might have been available to him but for the deprivation of rights." *United States v. Zarate–Martinez*, 133 F.3d 1194, 1198 (9th Cir.1998) (quoting *United States v. Leon–Leon*, 35

F.3d 1428, 1432 (9th Cir.1994)). Even assuming procedural defect, Gomez offers no basis for finding prejudice. He concedes he had an aggravated felony conviction at the time of his deportation. Thus, neither cancellation of removal nor voluntary departure is a plausible ground of relief which might have been available. *See* 8 U.S.C. §§ 1229b(a)(3), 1229c(a)(1) and (b)(1)(C).

Finally, Gomez contends that an aggravated felony conviction is an element under 8 U.S.C. § 1326(b) which was neither charged in the indictment nor proved beyond a reasonable doubt, and thus his sentence enhancement violates *Apprendi*. This argument is foreclosed by *United States v. Pacheco–Zepeda*, 234 F.3d 411, 413–15 (9th Cir.2000).

**AFFIRMED.**