**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

MARNIE ANN BURT,
  *Defendant-Appellant.*

No. 04-10240

D.C. No.
CR-03-01264-DCB

OPINION

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted
January 13, 2005—San Francisco, California

Filed June 8, 2005

Before: Myron H. Bright,* A. Wallace Tashima, and
Consuelo M. Callahan, Circuit Judges.

Opinion by Judge Bright

---

*The Honorable Myron H. Bright, United States Circuit Judge for the
Eighth Circuit, sitting by designation.

**COUNSEL**

John D. Kaufmann, Tucson, Arizona, for the appellant.

Paul K. Charlton, United States Attorney, Christina M. Cabanillas, Deputy Appellate Chief, Jeffrey H. Jacobson, Assistant United States Attorney, Tucson, Arizona, for the appellee.

**OPINION**

BRIGHT, Circuit Judge:

The government filed a two-count indictment charging appellant Marnie Ann Burt with conspiracy to transport illegal

aliens and transportation of illegal aliens. Burt requested jury instructions on her apparent public authority defense. The district court refused to give Burt's requested jury instructions, and the jury found Burt guilty on both counts. Burt appeals and argues the district court erred in refusing to instruct the jury on her public authority defense. Burt presented sufficient evidence to justify jury instructions on her public authority defense. We reverse and remand for a new trial.

## I.  Background

On May 22, 2003, Border Patrol Agents Mike Van Edwards and Brian Brown arrested Burt for transporting illegal aliens. Burt told the agents that she had information regarding a plan to transport illegal aliens in a semi-trailer that coming weekend. The agents were interested in this information. Agent Brown decided not to recommend that Burt be prosecuted, and Agent Van Edwards contends he told Burt she would not be prosecuted. Burt agreed to come back the next day to meet with the agents regarding her knowledge of the semi-trailer plan. Burt contends that the agents told her that a warrant would be issued for her arrest if she did not attend the meeting.

The next day, May 23, 2003, Agent George Scott interviewed Burt. Agents Brown, Van Edwards, and Mark Friend were also present at the interview. Agent Scott was the only person who took notes during the interview. Burt contends she appeared at the meeting to avoid prosecution. Agent Scott contends he told Burt that she was not a confidential informant, that she should not do anything illegal, and that she should contact him with any information. Burt claims that the agents instructed her to get information and told her not to do anything illegal. Burt contends, however, that the agents told her that she would not be doing anything illegal as long as she was gathering information for the agents. Burt never contacted the agents after the interview.

On May 28, 2003, border patrol agents arrested Burt for transporting illegal aliens in a van. Burt told the agents that she was working for Agent Van Edwards. Shortly after Agent Scott heard that Burt had been arrested, he destroyed his notes of the May 23 meeting.

The government filed an indictment, charging Burt with conspiracy to transport illegal aliens and transportation of illegal aliens. At trial, Burt testified that she believed she was properly collecting information for the agents. At the close of evidence, Burt's counsel and the district court discussed Burt's requested jury instructions, which included the model Ninth Circuit public authority instruction. The following exchange took place:

> MR. KAUFMANN [Burt's counsel]: . . . . I have requested the Court give the public authority defense instruction pursuant to 6.10, and I have included the public authority defense as my Defendant's Requested Instruction No. 2. I know we have argued this ad nauseam, so I'm not going to bother the Court with the other arguments. I'm going to try to incorporate them by reference herein and tell the Court once again, much to my consternation, that it's a question for the jury and not for the Court.

> THE COURT: I'm going to refuse Defendant's Requested Instruction No. 2 on public authority . . . .

> . . . .

> MR. KAUFMANN: The second one is I think you are required in every case to give the defendant's theory of the case instruction to a jury. And I have requested one. My Special Requested Instruction No. 1, Defendant's Theory of the Case, gives them what my theory of the case is. . . . You're going to have to tell the jury that if they believe it or there is a rea-

sonable possibility or more than just a wild possibility of chance, that they need to find for the defendant. That's the law.

And you're required by *Zuniga* and *Lopez-Alvarez* to give that instruction, and failure to give that instruction or something similar to this — if the Court wishes me to modify it because this was unsatisfactory, I'm more than happy to do so. But they're entitled to get a defendant's theory of the case instruction.

THE COURT: Well, I think the defendant's theory is covered by the offense instructions, that is, whether there was any intent to enter into any conspiracy and whether the defendant knowingly transported aliens to assist them to remain in the United States.

So I'm going to refuse Defendant's Requested Instruction No. 1 or any further tailored instruction pertaining to the defendant's theory of the case beyond what's covered by the offense instructions.

J.A. 277-79. The district court refused to give Burt's requested public authority jury instruction.[1] The jury found Burt guilty of both counts in the indictment.

---

[1]Burt's other defenses, including equitable estoppel and entrapment by estoppel, had been rejected or commented on by the magistrate judge's recommendation and the district court's pretrial order. During trial, however, the only issue raised on jury instructions was Burt's requested public authority instruction. The Ninth Circuit Model Criminal Jury Instruction 6.10 Public Authority or Government Authority Defense reads:

If a defendant engages in conduct violative of a criminal statute at the request of a government enforcement officer, with the reasonable belief that the defendant is acting as an authorized government agent to assist in law enforcement activity, then the

Burt filed a motion for a new trial, challenging the district court's decision not to give her requested instructions. The district court denied Burt's motion. The district court sentenced Burt to concurrent terms of thirty-six months in prison on both charges, to be followed by thirty-six months of supervised release. Burt filed a timely notice of appeal, and this appeal followed.

## II. Discussion

**[1]** We review the district court's refusal to give a defendant's jury instructions based on a question of law de novo. *United States v. Eshkol*, 108 F.3d 1025, 1028 (9th Cir. 1997). We review the district court's findings on whether a defendant's theories are factually supported for an abuse of discretion. *United States v. Gomez-Osorio*, 957 F.2d 636 (9th Cir. 1992). A defendant is entitled to instructions relating to a defense theory for which there is any foundation in the evidence, even though the evidence may be weak, insufficient, inconsistent, or of doubtful credibility. *United States v. Wofford*, 122 F.3d 787, 789 (9th Cir. 1997), *as amended* (Aug. 21, 1997). A mere scintilla of evidence supporting a defendant's theory, however, is not sufficient to warrant a defense instruction. *Id.*

Burt contends that the district court erred in refusing to give her requested apparent public authority jury instruction. Burt argues that a jury with appropriate instructions should decide whether her belief, that her conduct on May 28 was for the

---

defendant may not be convicted of violating the criminal statute, because the requisite criminal intent is lacking. The government must prove beyond a reasonable doubt that the defendant did not have a reasonable belief that [he] [she] was acting as an authorized government agent to assist in law enforcement activity at the time of the offense charged in the indictment.

The district court rejected Burt's requested public authority instruction, noting that Burt's theory is "covered by the offense instructions."

sole purpose of gathering information for the agents, was reasonable.

**[2]** The district court erred in refusing to give Burt's requested jury instructions on the public authority defense. At trial, Burt testified that the agents told her that as long as she was gathering information for the agents her actions would not be illegal. Burt also noted that the agents gave her no instructions on how to conduct herself. Agent Scott testified at the evidentiary hearing that Burt "should not be committing an offense if she's working for me." A jury could believe Burt and interpret Agent Scott's statement to mean that if Burt was working for Scott her actions would not be illegal. In addition, Agent Scott destroyed his notes from his interview with Burt, which was the only contemporaneous record of the interview. The magistrate judge correctly noted that "[w]hen government agents destroy evidence, they place their own credibility in serious jeopardy."

**[3]** Although Burt's evidence may not be strong, Burt has presented sufficient evidence to justify jury instructions on her public authority defense. The evidence, taken in its best light for Burt, could indicate that Burt's participation in the May 28 transportation of illegal aliens served the purpose of Burt gathering information about the crime, which could be reported to the agents. Burt's arrest, however, terminated her opportunity to make such a report. A jury could have determined, based on the evidence presented, that on May 28 Burt reasonably believed that she was working for the agents. Burt was, therefore, entitled to instructions relating to her public authority defense, and the district court erred in refusing to instruct the jury on the defense.[2]

---

[2]As noted in footnote 1, the district court, in its pretrial order, rejected Burt's other defenses, including Burt's entrapment by estoppel defense. The district court also determined that Burt was not entitled to jury instructions on the entrapment by estoppel defense. We note that the difference between the defenses of entrapment by estoppel and public author-

**[4]** Based on the instructions given, the jury would have to find Burt guilty even if the jury believed Burt was working for the agents, because Burt had the intent to transport illegal aliens into the United States. Therefore, the district court's error in refusing to instruct the jury on Burt's public authority defense was prejudicial.

## III. Conclusion

Accordingly, we **REVERSE** and **REMAND** for a new trial.

---

ity are "not great;" however, there are some differences between the defenses. *United States v. Burrows*, 36 F.3d 875, 882 (9th Cir. 1994). The defense of entrapment by estoppel is available when "a government official commits an error and the defendant relies on [the error] and thereby violates the law." *Id.* The public authority defense is available when "a government official makes some statement or performs some act and the defendant relies on it, possibly mistakenly, and commits an offense" by relying on the government official. *Id.*