NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 15 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10404 |
| Plaintiff-Appellee, | D.C. No. 2:12-cr-00144-TLN-1 |
| v. | |
| TERRYLYN MCCAIN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted September 13, 2017**
San Francisco, California

Before: SCHROEDER and TALLMAN, Circuit Judges, and WHALEY,***
District Judge.

Terrylyn McCain appeals her jury conviction and sentence for four counts of

mail fraud, four counts of making false claims against the United States, and three

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation.

counts of money laundering designed to conceal the proceeds of her mail fraud, under 18 U.S.C. §§ 1341, 287, and 1956(a)(1)(B)(i), respectively. McCain was sentenced to 70 months in prison on the fraud and money laundering convictions, and 60 months in prison on the false claims convictions, to be served concurrently for a total prison term of 70 months. On appeal, McCain alleges that the district court erred by failing to give a good-faith jury instruction and by imposing an unreasonable sentence based on impermissible factors. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

**1.** The district court did not err in declining to give a good-faith jury instruction. *See United States v. Doe*, 705 F.3d 1134, 1143–44 (9th Cir. 2013); *United States v. Stinson*, 647 F.3d 1196, 1215 (9th Cir. 2011). McCain represented herself at trial and produced no evidence to support the requested good-faith instruction. She gave no opening or closing statement, failed to cross-examine any witnesses, and put on no defense case. *See United States v. Burt*, 410 F.3d 1100, 1103 (9th Cir. 2005). And while McCain's standby counsel submitted a proposed good-faith jury instruction, McCain repeatedly disavowed standby counsel's actions, and neither she nor standby counsel objected to the district court's decision. The district court correctly instructed the jury as to specific intent, and nothing more was required on this record. *See United States v. Shipsey*, 363 F.3d 962, 967 (9th Cir. 2004).

**2.** The district court did not abuse its discretion in imposing a 70-month prison sentence. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008). The court properly focused on the nature of McCain's offense, as well as her past resistance to federal, state, and local laws. *See* 18 U.S.C. §§ 3553(a)(1), 3661; *United States v. Christensen*, 732 F.3d 1094, 1102 (9th Cir. 2013). The court also considered the 70-month, within-guideline-range sentence to be necessary to promote respect for the law. *See* 18 U.S.C. § 3553(a)(2)(A). The district court's sentence was procedurally sound and substantively reasonable, and we will not disturb it on appeal.

**AFFIRMED.**