**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    17-50091 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00311-JGB-1 |
| v. | |
| JOHN VISCONTI, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted August 30, 2018
Pasadena, California

Before:  WARDLAW, BYBEE, and IKUTA, Circuit Judges.

John Visconti appeals his convictions for conspiracy to defraud the United
States, attempted evasion of income tax, and making a false tax return; and his
sentence of twenty-four months in prison.  We have jurisdiction under 28 U.S.C.
§ 1291.  We affirm.

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**1.** The district court did not abuse its discretion in precluding Visconti's return-of-capital defense. "We review the district court's findings on whether a defendant's theories are factually supported for an abuse of discretion." *United States v. Burt*, 410 F.3d 1100, 1103 (9th Cir. 2005) (citation omitted). "We review de novo the district court's decision to preclude a defendant's proffered defense." *United States v. Shryock*, 342 F.3d 948, 987 (9th Cir. 2003) (citation omitted). "[A] trial court may preclude a defense theory where 'the evidence, as described in the defendant's offer of proof, is insufficient as a matter of law to support the proffered defense.'" *United States v. Boulware*, 558 F.3d 971, 974 (9th Cir. 2009) (quoting *United States v. Dorrell*, 758 F.2d 427, 430 (9th Cir. 1985)). To establish a factual foundation for a return-of-capital theory, a party must show: "(1) a corporate distribution with respect to a corporation's stock, (2) the absence of corporate earnings or profits, and (3) the stockholder's stock basis be in excess of the value of the distribution." *Id.* at 975 (citing *Boulware v. United States*, 552 U.S. 421, 437 & n.12 (2008)).

Visconti failed to establish that his stock basis exceeded the value of the distributions. Visconti presented checks showing he paid $4,886,143.16 to purchase Axium through its parent company, Unity America Fund. He also provided a declaration stating that he transferred a deed of valuable property to

2

Axium, which he estimated to have a value of $8,250,000 at the time of the transfer, making his total capital basis $13,136,143.16. Despite being given the opportunity to do so, Visconti provided no evidence of the property's value aside from his own estimate, which he provided no basis for. Visconti also stated that Axium paid Unity America Fund $4,000,000 for redemption of stock, but he did not "recall" any other payments.

The government presented the declaration of a CPA involved in Axium's bankruptcy proceedings who stated that "according to escrow documents," the property Visconti transferred "was assigned a value of $6.25 million," making Visconti's total capital basis in Axium $10,250,000. It also presented a declaration that Visconti submitted in his divorce proceedings, in which Axium's CPA stated that Axium repaid Unity America Fund a total of $12,250,000 in three separate payments. The government submitted the bank records for each payment.

The defendant bears the burden to establish factual support for a finding that his stock basis exceeded the value of the distributions. *See Boulware*, 552 U.S. at 438 n.14. Visconti's lone declaration giving his estimate of the value of the property as $8,250,000 and stating that he only recalled one $4,000,000 payment is insufficient to meet the third element of the *Boulware* test. *See Boulware*, 558 F.3d at 974. He did not provide evidentiary support for his valuation, nor evidence

3

to rebut the documents establishing that Axium paid Visconti $12,250,000 for redemption of stock. *See United States v. Miguel*, 338 F.3d 995, 1000–01 (9th Cir. 2003); *United States v. Eshkol*, 108 F.3d 1025, 1029 (9th Cir. 1997). Because the evidence did not establish that Visconti had a stock basis in Axium in excess of the value of the distributions, the district court did not abuse its discretion in finding that he failed to establish a factual basis for a return-of-capital defense.

2.     Visconti argues he was prejudiced by numerous errors. He asserts that the district court erred by (1) precluding him from cross-examining a witness about a bar complaint alleging deceitful and fraudulent conduct; (2) admitting into evidence a witness's plea agreement that contained a truthfulness provision; (3) rejecting his request for an advice-of-counsel jury instruction; (4) failing to provide a dual-purpose instruction for an IRS agent's testimony; and (5) allowing the prosecutor to comment on Visconti's wealth during closing argument.

First, the district court did not abuse its discretion in precluding Visconti from cross-examining a witness about a bar complaint filed against him. We review for an abuse of discretion "[t]he district court's decision to exclude cross-examination into specific instances that are allegedly probative of truthfulness or untruthfulness under Rule 608(b), and rulings under Federal Rule of Evidence 404." *United States v. Geston*, 299 F.3d 1130, 1137 (9th Cir. 2002).

Here, the witness admitted that he improperly diverted money from Axium with Visconti, pleaded guilty to felony convictions, and was disbarred as an attorney. Because the jury had "sufficient information" to appraise the witness's truthfulness and motives without hearing the allegations in the complaint, the district court did not abuse its discretion in precluding cross-examination on the bar complaint. *United States v. Jackson*, 882 F.2d 1444, 1447 (9th Cir. 1989) (quoting *United States v. Ray*, 731 F.2d 1361, 1364 (9th Cir. 1984)).

Second, the district court did not err by admitting a witness's plea agreement containing a truthfulness provision into evidence. Visconti did not object to admission of the plea agreement, and thus we review for plain error. Fed. R. Evid. 103; *United States v. Tran*, 568 F.3d 1156, 1163 (9th Cir. 2009). Visconti argues that by admitting the plea agreement, the government improperly vouched for the witness's credibility. Visconti relies on dicta in *United States v. Roberts*, 618 F.2d 530, 536 (9th Cir. 1980), which raises concerns about admitting a plea agreement. But *Roberts* did not hold that a plea agreement containing a promise of truthfulness is per se inadmissible. References to a plea agreement "are only mild forms of vouching" and when "the credibility of [a witness] would almost certainly have been challenged during cross-examination, there [is] justification to bolster credibility." *United States v. Brooks*, 508 F.3d 1205, 1211 (9th Cir. 2007). The

5

prosecutor did not reference nor elicit testimony regarding the plea agreement's truthfulness provision, nor did she bolster credibility by expressing personal belief in the witness's credibility. Visconti challenged the witness's credibility on cross-examination, and the district court instructed the jury to consider the witness's testimony with "greater caution." The district court did not plainly err by admitting the plea agreement. *See United States v. Daas*, 198 F.3d 1167, 1179 (9th Cir. 1999).

Third, the district court did not err in rejecting Visconti's request for an advice-of-counsel instruction. "If the court rejects the defendant's proposed instructions, we review the instructions actually given *de novo* to determine if they adequately covered the defense theory." *United States v. Joetzki*, 952 F.2d 1090, 1095 (9th Cir. 1991) (citation omitted). The district court provided a good-faith instruction that fairly and adequately covered whether Visconti believed in good faith that he was not violating the law—which would require the jury to consider whether a good-faith belief resulted from accepting his counsel's advice. In addition, "even if [the defendant] had established a basis for the advice-of-counsel instruction, the broader good-faith instruction given by the district court subsume[d the defendant's] proposed instruction." *United States v. Bush*, 626 F.3d 527, 540 (9th Cir. 2010); *see also Bisno v. United States*, 299 F.2d 711, 719 (9th Cir. 1961).

Fourth, the district court did not err by omitting a dual-purpose instruction regarding the IRS agent's testimony. *See* Model Crim. Jury Instr. 4.14A cmt. (9th Cir. 2010). Visconti did not propose a dual-purpose instruction nor object to its absence. Therefore, we review for plain error. *United States v. Torralba–Mendia*, 784 F.3d 652, 658 (9th Cir. 2015). Here, the agent did not testify as a lay witness. Instead, she testified regarding her financial analysis of Visconti's records and the summary exhibits she prepared for the jury. Therefore, a dual-purpose instruction was not required because her testimony was "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. Moreover, even if the agent's testimony included lay testimony, failure to give a dual purpose instruction is not plain error when jurors are aware of the witness's dual roles through bifurcation of the witness's testimony and cross-examination. *See Torralba–Mendia*, 784 F.3d at 658; *United States v. Freeman*, 498 F.3d 893, 904 (9th Cir. 2007). Here, the agent's testimony was bifurcated, and Visconti had ample opportunity to cross-examine her.

Fifth, the district court did not err by allowing the prosecution to comment on Visconti's wealth during cross-examination. Visconti did not object to the prosecutor's comments; therefore, we review for plain error. *United States v. Brown*, 327 F.3d 867, 871 (9th Cir. 2003). Here, the prosecutor made one

comment during closing argument that was relevant to the case and responsive to Visconti's assertion that he was a victim. The district court did not plainly err in allowing the isolated comment. *See United States v. Kessi*, 868 F.2d 1097, 1107 (9th Cir. 1989); *United States v. Little*, 753 F.2d 1420, 1441 (9th Cir. 1984).

Last, Visconti was not cumulatively prejudiced by the alleged errors. Cumulative error is inapplicable to claims on which the district court did not err. Regardless, the errors asserted by Visconti would be harmless because "it is more probable than not that, taken together, they did not materially affect the verdict." *United States v. Fernandez*, 388 F.3d 1199, 1257 (9th Cir. 2004), *modified*, 425 F.3d 1248 (9th Cir. 2005) (citation omitted).

**3.** The district court did not abuse its discretion in applying a two-level increase in Visconti's offense level for "fail[ing] to report or to correctly identify the source of income . . . from criminal activity." U.S.S.G. § 2T1.1(b)(1). "[A] district court's application of the Sentencing Guidelines to the facts of a given case should be reviewed for abuse of discretion," *United States v. Gasca–Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc), and reversed "only where it was procedurally erroneous or substantively unreasonable," *United States v. Bendtzen*, 542 F.3d 722, 725 (9th Cir. 2008) (citation omitted). The district court must find by a preponderance of the evidence that the facts underlying a sentence enhancement

8

have been established. *United States v. Job*, 871 F.3d 852, 868 (9th Cir. 2017). It may rely on relevant information if it has "sufficient indicia of reliability to support its probable accuracy." *United States v. Upshaw*, 918 F.2d 789, 791 (9th Cir. 1990) (citation and emphasis omitted).

The government presented evidence at trial that Visconti was diverting money from Axium using off-book accounts, a fake construction company, and a fraudulent salary. This evidence has sufficient indicia of reliability based on the testimony of the witnesses, the documents provided, and, as the district court noted, "the breadth and depth of the activity from which [Visconti] was convicted." Based on this evidence, the district court could conclude that Visconti was involved in criminal activity by a preponderance of the evidence. Therefore, the district court did not err in increasing Visconti's base offense level by two under § 2T1.1(b)(1).

**AFFIRMED.**