NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 19 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50103 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 3:18-cr-03812-LAB-1 |
| FRANCISCO JAVIER ZENDEJAS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, Chief District Judge, Presiding

Argued and Submitted June 5, 2020
Pasadena, California

Before: RAWLINSON and N.R. SMITH, Circuit Judges, and KORMAN,[**]
District Judge.

This case arose out of a tip to the United States Border Patrol that Francisco

Zendejas was bragging about smuggling drugs from Mexico across the California

border. A few hours later, Zendejas drove to the Otay Mesa Port of Entry and was

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

recognized and stopped by Border Patrol based on the tip. In the spare tire of his car, agents discovered a GPS tracker and 21 packages of heroin and methamphetamine valued at $215,000. Zendejas first denied knowledge of the drugs, but ultimately confessed to knowingly transporting them across the border for money. He was convicted of importing those drugs in violation of 21 U.S.C. §§ 952 and 960. Zendejas appeals. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court did not improperly admit the trial testimony of two Border Patrol agents that the use of GPS trackers was common and increasing in drug-courier cases. Zendejas argues that the agents' testimony was unnoticed expert testimony, based upon inadmissible hearsay, and improper drug-courier profile evidence. While we are not persuaded by these arguments, we also find that the admission of this testimony did not prejudice Zendejas. Indeed, this testimony was consistent with, and did not undermine, the defense theory that evidence of hidden GPS devices in unknowing-drug-courier cases supports the exculpatory inference that Zendejas himself was an unknowing drug courier.

2. The district court did not abuse its discretion in refusing to compel discovery regarding drug-courier cases in which a GPS tracker was found with the drugs, and for this reason the government had concluded the courier was unknowing. Rule 16 provides, in relevant part, that "the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs,

tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control" and "the item is material to preparing the defense." Fed. R. Crim. P. 16(E). "[T]he government has no obligation to produce information which it does not possess or of which it is unaware. It has an obligation to turn over only material . . . that it has in its possession." *United States v. Cano*, 934 F.3d 1002, 1023 (9th Cir. 2019) (internal quotation marks and citation omitted). Because Zendejas failed to "present facts which would tend to show that the Government [was] in possession of [the requested] information," he failed to meet his burden to compel discovery under Rule 16(a)(1)(E)(i). *See United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990).

3. After the district court ruled, on reconsideration of the issue, that Zendejas had not shown the requested information was material, the court did not plainly err in deciding that it would reconsider compelling discovery of the requested information if Zendejas submitted a declaration stating that he was unaware of the drugs and the GPS tracker. Zendejas contends that this forced him to choose between his ability to prepare a defense, on the one hand, and his right not to be a witness against himself, on the other. Zendejas did not object to this condition on the ground that it violated his right against self-incrimination.

Zendejas's reliance on *Simmons v. United States*, 390 U.S. 377 (1967), is

misplaced. In *Simmons*, the Supreme Court held that when a defendant provides testimony in order to vindicate his Fourth Amendment right, that testimony cannot be admitted against him. *Id*. at 394. Moreover, if Zendejas was concerned that the declaration could be used against him, he could have avoided the problem by requesting in camera review. *Cf. United States v. Eshkol*, 108 F.3d 1025, 1027–28 (9th Cir. 1997) (finding the fact that the defendant failed "to request an in camera proffer, which could have prevented the government from learning the defense theory, support[ed] [the] conclusion" that the defendant was not forced to sacrifice his Fifth Amendment rights).

4.      The district court did not abuse its discretion by declining to compel the prosecution to disclose the identity of the tipster. The prosecution has a "limited" privilege "to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Roviaro v. United States*, 353 U.S. 53, 59–60 (1957). To overcome this privilege, "a defendant must show a need for the information, and in doing so, must show more than a 'mere suspicion' that the informant has information which will prove 'relevant and helpful' to his defense, or that will be essential to a fair trial." *United States v. Henderson*, 241 F.3d 638, 645 (9th Cir. 2000) (citation omitted).  The district court properly concluded that Zendejas failed to meet this burden. Indeed, in *United States v. Buras*, we held that disclosure was not justified by "unfounded suspicion or

conjecture," particularly where, as here, there is no indication in the record that the informant was not "a witness to" or "participated in" the crime. 633 F.2d 1356, 1360 (9th Cir. 1980).

5. Finally, Zendejas argues that the prosecutor committed misconduct in his closing argument. We disagree. The prosecutor was permissibly commenting on the power of the common-sense inferences the jury could make from facts in evidence. In any event, his comments do not constitute plain error warranting reversal. *See United States v. Alcantara-Castillo*, 788 F.3d 1186, 1190–91 (9th Cir. 2015).

**AFFIRMED.**

19-50103