**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Macario DURAN, Defendant–
Appellant.  (Two Cases)**

**Nos. 93–50587, 93–50631.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 2, 1995.

Decided July 11, 1995.

---

Michael J. Treman, Santa Barbara, CA, for defendant-appellant.

Sally L. Meloch and Thomas M. Brown, Asst. U.S. Attys., Los Angeles, CA, for plaintiff-appellee.

Before: BEEZER and TROTT, Circuit Judges, and BURNS, District Judge.[*]

BEEZER, Circuit Judge:

Macario Duran appeals his sentence and convictions following a jury trial for theft from a program receiving federal funds, aiding and abetting perjury before a federal grand jury, filing a false tax return, making a false statement on a loan application, attempt to possess and distribute cocaine and use of a communications facility to facilitate a narcotics offense. He contends the district court improperly instructed the jury on his theory of the defense. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.[1]

I

Macario Duran is a former Deputy Sheriff with the Los Angeles County Sheriff's Department ("LASD"). The LASD had three Major Narcotics Violator Crews responsible for investigation of money laundering and narcotics violations. Duran was assigned to the third crew, or Majors III. Most of the crimes Duran was charged with arose out of an investigation in 1989 of the LASD which revealed that deputies were involved in thefts of currency during narcotics transactions and seizures of currency. Members of the LASD, in conjunction with other law enforcement agencies, orchestrated a "sting" that captured members of Majors II stealing money from a purported narcotics dealer. The subsequent and ongoing investigation revealed other instances of corruption outside of the Majors II unit. Certain deputies came forward and testified that there was

---

[*] The Honorable James M. Burns, Senior United States District Judge for the District of Oregon, sitting by designation.

1. In a separate unpublished disposition we affirm the district court on all the remaining issues raised by Duran.

widespread corruption involving the theft of funds in the LASD and that the deputies involved would often falsify police reports to conceal the thefts.

In 1990, after Duran had been suspended from the LASD, and while on trial for other federal offenses, Duran attempted to arrange a narcotics purchase to raise money. He contacted Roberto Sandoval, a confidential informant with the DEA, to arrange the purchase in San Diego. Duran attempted to purchase 30 kilograms of cocaine. He told Sandoval he did not have the money to purchase the cocaine and intended to steal it from the supplier. At trial, Duran testified that he was working in his capacity as a peace officer when he attempted to set up the purchase. He testified that he was working with a DEA confidential informant, Eddie Kozodoy. Duran stated that he was going to connect Kozodoy with Sandoval and they would set up the cocaine transaction. Duran intended to share in the informant fee paid by the DEA to its informants. DEA Agent Clayton, Kozodoy's supervisor, testified that he never agreed to use Duran as an informant. Clayton also testified that he instructed Kozodoy not to discuss any DEA related information with Duran.

Duran was convicted of three counts of theft from a program receiving federal funds in violation of 18 U.S.C. § 666; one count of conspiracy to obstruct justice and commit perjury before a federal grand jury in violation of 18 U.S.C. §§ 371, 1503, 1623; two counts of aiding and abetting perjury before a federal grand jury in violation of 18 U.S.C. §§ 2(a), 1623; one count of subscribing to a false tax return in violation of 26 U.S.C. § 7206(1); one count of making a false statement on a loan application in violation of 18 U.S.C. § 1014; one count of attempting to possess and distribute cocaine in violation of

21 U.S.C. §§ 846, 841(a)(1); and twelve counts of use of a communication facility to facilitate a narcotics offense in violation of 21 U.S.C. §§ 843(b), 846.[2] The district court sentenced Duran to 200 months imprisonment with a five year period of supervised release.[3]

## II

Duran contends that in refusing to give requested proposed jury instructions the district court failed to instruct the jury on Duran's theory of defense. Specifically, as a defense to the cocaine transaction charges, Duran argued that he was acting in an undercover capacity as a peace officer in conjunction with DEA informant Eddie Kozodoy in negotiating the cocaine transaction. He challenges the court's refusal to give four instructions.

### A

Duran asserts that the appropriate standard of review for a district court's denial of a defendant's proposed jury instruction is unresolved in this circuit. This position is not surprising given that we have continued to note that a conflict exists between whether the appropriate standard of review is de novo or an abuse of discretion. *See United States v. Dinkane,* 17 F.3d 1192, 1200 (9th Cir. 1994); *United States v. Streit,* 962 F.2d 894, 897 (9th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 431, 121 L.Ed.2d 352 (1992); *United States v. LaFleur,* 971 F.2d 200, 204 (9th Cir.1991), *cert. denied,* —— U.S. ——, 113 S.Ct. 1292, 122 L.Ed.2d 683 (1993).

In fact, no conflict exists in the circuit regarding the appropriate standard of review. Rather, the standard of review is dependent on the nature of the error alleged. In an attempt at clarity, we recently stated:

2. Duran was charged in two separate indictments. The indictment in case number CR–91–00985–LEW charged Duran with one count of aiding and abetting theft from a program receiving federal funds. The remaining counts were charged in the second superseding indictment of case number CR–90–00794–LEW(B) against Duran, his wife, Maria Duran, and mother-in-law, Lilia Vazquez. The indictments were consolidated for trial.

3. Although Macario Duran, Maria Duran and Vazquez were tried together, Macario Duran's case was severed for the purposes of appeal.

In general, "[a] defendant is entitled to have the judge instruct the jury on his theory of defense, provided that it is supported by law and has some foundation in the evidence." *United States v. Mason,* 902 F.2d 1434, 1438 (9th Cir.1990). Logically, if the parties dispute whether the required factual foundation exists, the court should apply an abuse of discretion standard of review. In this case, the ultimate issue is whether "other instructions, in their entirety, adequately cover that defense theory." *Id.* This is a question of law and, as in *Mason,* should be reviewed *de novo. See id.* There is no conflict; the question turns on the issue for review.

*United States v. Gomez–Osorio,* 957 F.2d 636, 642 (9th Cir.1992). *See also United States v. Dees,* 34 F.3d 838, 842 (9th Cir. 1994); *United States v. Medrano,* 5 F.3d 1214, 1218 (9th Cir.1993).

■ Although we attempted to erase any remaining question about the existence of a conflict in *Gomez–Osorio,* the continued confusion indicates we have not succeeded. We are confounded by the continued lack of clarity in light of *Gomez–Osorio* and its progeny. In an attempt to remove any remaining question we reiterate that no conflict exists in the circuit as to the appropriate standard of review for the denial of a defendant's proposed jury instruction. Again, the standard is dependent on the issue for review. Because the issue in Duran is whether the instructions adequately cover Duran's theory of defense, a question of law, the appropriate standard of review is de novo. *See United States v. Warren,* 25 F.3d 890, 895 (9th Cir. 1994); *United States v. Woodley,* 9 F.3d 774, 780 (9th Cir.1993) (applying a de novo standard of review to the question of whether an instruction adequately covers the defendant's theory of defense).

### B

■ In reviewing the proposed jury instruction we must consider that "[i]n general, '[a] defendant is entitled to have the judge instruct the jury on his theory of defense,

provided that it is supported by law and has some foundation in the evidence.'" *Dees,* 34 F.3d at 842 (quoting *Mason,* 902 F.2d at 1438). "It is not reversible error[, however], to reject a defendant's proposed instruction on his theory of the case if other instructions, in their entirety, adequately cover that defense theory." *Id.*

Both Duran and the government offered instructions defining "peace officer." Duran's proposed instruction quoted the California Penal Code section but omitted the language "and paid as such." The government's instruction, although paraphrasing the statute, included the language. The instructions were otherwise substantially similar. The district court's determination to give the government's proposed instruction was not error.

Duran's three remaining instructions involve whether Duran acted in "good faith" and under "lawful authority" in the cocaine transaction. The instructions all involve Duran's argument that he acted with the understanding that the DEA supervised the transaction and he had no intent to distribute the cocaine. At trial, Duran's counsel argued that all three jury instructions were required to cover the issue of "subjective and objective good faith." The district court chose to give the government's instruction covering intent in lieu of Duran's proposed instructions.

■ Where the district court provides an adequate instruction on specific intent, the defendant is not entitled to a good faith instruction. *United States v. Faust,* 850 F.2d 575, 583 (9th Cir.1988). The district court gave an adequate specific intent instruction that incorporated Duran's theory of "good faith."

The district court also declined to use Duran's proffered instruction on "lawful authority." Duran's instruction covered his theory of the defense that he was acting under lawful authority when he negotiated the cocaine transaction. Although not giving Duran's actual instruction, the district court did instruct the jury on "lawful authority." The

district court chose to use the government's specific intent instruction which provided:

> In determining a person's "intent to distribute" a controlled substance, a jury may consider, among other things, the quantity of the controlled substance, whether the person believed that he or she was authorized by a law enforcement agency to so act and whether that belief was reasonable, and whether the person believed that a law enforcement agency was involved in the transaction and whether or not that belief was reasonable.

This instruction incorporated Duran's theory that at the time of the transaction he was acting under the lawful authority of the DEA. After defining peace officer as discussed above, the district court instructed the jury:

> No criminal liability shall be imposed under Title 21 of the United States Code, Sections 841(a)(1), 843(b) and 846, previously discussed in these instructions, upon any duly authorized officer of any state, who shall be lawfully engaged in the enforcement of any law or municipal ordinance relating to controlled substances.

The instructions as given encompass Duran's theory of defense. The district court's refusal to give Duran's proffered instructions was proper.

AFFIRMED.