74 F.3d 1246
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Todd Eugene CANNADY, Defendant-Appellant.
 No. 95-10123.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 15, 1995.*
Decided Jan. 3, 1996.
 
 Before: CHOY, SKOPIL, FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Todd Cannady appeals his conviction for assault on a federal officer in violation of 18 U.S.C. Sec. 111. Cannady contends that the district court erred by denying his request to instruct the jury on the defense of duress. Because Cannady failed to adduce sufficient evidence to establish a prima facie case of duress, we conclude that the district court did not abuse its discretion by declining to instruct the jury on the defense. See United States v. Duran, 59 F.3d 938, 941 (9th Cir.), cert. denied, 116 S.Ct. 535 (1995). Thus, we affirm Cannady's conviction.
 
 
 3
 A defendant is entitled to a duress instruction only when he makes a prima facie showing of all three elements of the defense: (1) an immediate threat of death or serious bodily injury; (2) a well-grounded fear that the threat will be carried out; and (3) lack of a reasonable opportunity to escape the threatened harm. United States v. Becerra, 992 F.2d 960, 964 (9th Cir.1993). Cannady failed to make the requisite showing as to any of these three elements. Though he may have legitimately feared that Officer Tirelli would harm him, that is not enough to establish duress. Id.
 
 
 4
 First, Cannady failed to establish an immediate threat of death or serious bodily injury. He based his defense on threats of unspecified harm to be carried out at a future time.
 
 
 5
 Second, Cannady's fear was not well-grounded because his experience with Tirelli was not sufficient to place a reasonable prisoner in his position in fear of death or serious bodily injury. See United States v. Johnson, 956 F.2d 894, 898 (9th Cir.1992). Moreover, during the three hours prior to the incident, Cannady twice approached Tirelli in isolated areas. It is unlikely that a person with a well-grounded fear of harm would place himself in such a position.
 
 
 6
 Third, Cannady failed to produce sufficient evidence that he lacked a reasonable opportunity to escape the threatened harm. Cannady had reasonable, legal alternatives to violating the law. See United States v. Bailey, 444 U.S. 394, 410 (1980). He could have informed prison officials or friends of his problems with Tirelli. See United States v. Peltier, 693 F.2d 96, 98 (9th Cir.1982). In addition, Cannady voluntarily entered Tirelli's office and could have retreated as the door was open and unobstructed.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3