76 F.3d 390
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eligio NUNEZ-ELIZARRARAZ, Defendant-Appellant.
 No. 95-50003.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 14, 1995.
Decided Jan. 30, 1996.
 
 Before: BOOCHEVER, T.G. NELSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Since the parties are familiar with the facts, we need not recite them here.
 
 
 3
 Eligio Nunez-Elizarraraz ("Nunez") appeals his conviction on two grounds: (1) the jury selection process violated the Sixth Amendment; and (2) the district court erred in refusing to give his proposed "mere proximity" defense instruction.
 
 I. Jury Selection
 
 4
 As stated in United States v. Bertha Alicia Esquivel, --- F.3d ----, No. 94-50603 (9th Cir. filed January 30, 1996), we take judicial notice of the census statistics and hold that Nunez has failed to make a prima facie case for his Sixth Amendment claim.
 
 II. Jury Instructions
 
 5
 According to Nunez, because the defense of "mere presence" or "mere proximity" is an attack on the element of knowledge in a constructive possession charge, the district court's refusal to give his "mere proximity" defense theory is reversible error.
 
 
 6
 "In general, a defendant is entitled to have the judge instruct the jury on his theory of defense, provided that it is supported by law and has some foundation in the evidence." United States v. Duran, 59 F.3d 938, 941 (9th Cir.) (internal quotations omitted), cert. denied, 116 S.Ct. 535 (1995). However, "[a] defendant is not entitled to any particular form of instruction, nor is he entitled to an instruction that merely duplicates what the jury has already been told." United States v. Lopez-Alvarez, 970 F.2d 583, 597 (9th Cir.), cert. denied, 113 S.Ct. 504 (1992). It is not reversible error for a district court to reject a defendant's proposed jury instruction on his defense theory if the other jury instructions, in their entirety, adequately cover the defense theory. Duran, 59 F.3d at 941.
 
 
 7
 The "mere proximity" defense theory is a defense to the charge of constructive possession. In United States v. Terry, 911 F.2d 272, 279 (9th Cir.1990), we have held that "[m]ere proximity to contraband, presence on property where it is found and association with a person or persons having control of it are all insufficient to establish constructive possession." (quotations omitted). The defendant's knowledge of the presence of the contraband is a necessary element of constructive possession. Id. at 280.
 
 
 8
 The jury instructions in this case were sufficient to cover the "mere proximity" defense theory. In the jury instructions, the court not only stated the pattern instruction[1] regarding the definition of "possession," but the court also reiterated the elements of the charged crimes, which required that the prosecution prove "knowledge." The jury was adequately informed that "knowledge" was an element for both charges, and therefore the jury was adequately informed that "mere proximity," without more, was insufficient to establish constructive possession.
 
 
 9
 Next, Nunez argues that the court improperly or unfairly gave a jury instruction which "dramatically undercut the defense theory." There was no error in the jury instruction regardless of the fact that the court rejected Nunez's proposed jury instruction on the "mere proximity" defense theory. First, the other instructions sufficiently encompassed the scope of the rejected instruction. Second, the jury was informed that the prosecution had the burden of proving the elements of the charged crimes which included Nunez's knowledge of the marijuana. Presented with the evidence at trial and the requirement that the Government had the burden of proving Nunez's knowledge of the marijuana, the jury convicted Nunez.
 
 
 10
 AFFIRMED.
 
 
 11
 BOOCHEVER, Circuit Judge, concurrence and partial dissent:
 
 
 12
 I concur in the memorandum disposition on the issue relating to the jury instructions.
 
 
 13
 I concur and partially dissent on the issue relating to jury selection for the reasons set forth in my concurrence and partial dissent in USA v. Esquivel, 94-50603 (9th Cir. filed January 30, 1996).
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 "A person has possession of something if the person knows of its presence and has physical control of it, or has the power and intention to control it." Manual of Model Criminal Jury Instructions for the Ninth Circuit § 3.16 (1989)