94 F.3d 653
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Timothy Scott AINSWORTH, Defendant-Appellant.
 No. 95-50533.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 8, 1996.
Decided Aug. 16, 1996.
 
 Before: REINHARDT, HALL, AND LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The defendant appeals his conviction on two grounds. First, he claims that the district court erred in failing to instruct the jury that he should be acquitted of bank robbery if the jury found that he was merely an accessory after the fact. Second, he argues that the district court erred in denying his request for a continuance so that he could have more time to prepare to present exculpatory evidence at trial that the government disclosed under Brady v. Maryland, 373 U.S. 83 (1963). We affirm.
 
 
 3
 The failure to instruct the jury on an appropriate defense theory is a question of law reviewed de novo. United States v. Duran, 59 F.3d 938 (9th Cir.), cert. denied, 116 S.Ct. 535 (1995). The defendant argues that he was entitled to a jury instruction and special verdict form explaining that he should be acquitted on the charge of bank robbery if the jury finds that he is guilty of the offense of being an accessory after the fact to bank robbery.[1] Although a defendant is entitled to a jury instruction on his theory of defense upon making a showing of evidence supporting that theory even if the evidence is weak, insufficient, inconsistent, or of doubtful credibility, see United States v. Yarbrough, 852 F.2d 1522, 1541 (9th Cir.), cert. denied, 488 U.S. 866 (1988), we reject the defendant's argument because, inter alia, he failed to make even this minimal showing.
 
 
 4
 Regarding the defendant's Brady claim, the decision to grant or deny a requested continuance will not be disturbed on appeal absent a clear abuse of discretion. United States v. Flynt, 756 F.2d 1352, 1358 (9th Cir.1985). We conclude that the district court did not abuse its discretion in determining that the defendant had adequate time to prepare his case for trial following the government's disclosure of the Brady material at issue here. Any prejudice the defendant might have suffered because the government did not turn over the material sooner cannot be said to have resulted in a denial of the defendant's right to a fair trial. See United States v. Bagley, 473 U.S. 667, 675-76 (1985).
 
 
 5
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Although multiple instructions proposed by the defendant appear to relate to the accessory after the fact offense, the defendant in his briefs never indicated which proposed instructions formed the basis for this appeal. At oral argument, he only referred to Defendant's Proposed Instructions Nos. 17 and 18, and to a proposed special verdict form. Those instructions and that verdict form would have required the jury first to decide whether the defendant was guilty of bank robbery, and then, in the event that he was acquitted on that charge, to proceed to determine whether he was guilty of being an accessory after the fact. The district court's refusal to so instruct clearly could not have resulted in any prejudice to the defendant because the jury, in finding the defendant guilty of bank robbery, would never have reached the question of whether he was an accessory after the fact. In any event, those instructions would have been highly inappropriate because the defendant was never charged with being an accessory after the fact