MEMORANDUM *
Loren Goldtooth (“Goldtooth”) appeals his conviction and sentence for violation of 18 U.S.C. § 1163. We affirm.
Viewed in the light most favorable to the prosecution, a rational trier of fact could have found from the evidence that Goldtooth had the requisite intent to defraud or injure the Tohono O’Odham Indian Nation (the “Tribe”) by submitting paperwork misrepresenting his entitlement to overtime and reimbursement for work-related expenses, and by instructing lower-level employees to approve his requests. Even if there were insufficient evidence of “deceit,” Goldtooth would still be guilty of conversion because he intentionally and improperly converted tribal property for his own use. See United States v. Janis, 556 F.3d 894, 898 (8th Cir.2009).
Goldtooth argues the district court erred by failing to sua sponte give a “theory of the case” instruction. The district court, however, believed it was conveying the defense theory in its instructions concerning “willfulness” and “knowingly,” and told counsel as much.
Because Goldtooth did not object or propose any specific instruction on his defense theory that was not given, we review for plain error. United States v. Bear, 439 F.3d 565, 568 (9th Cir.2006). However, there was no error in this case because the instructions, viewed as a whole and especially those regarding state of mind, adequately covered the theory of defense, which Goldtooth himself described (in briefing and at argument) as a lack of requisite intent to injure the Tribe. See *233 United States v. Duran, 59 F.3d 938, 941 (9th Cir.1995) (court is not required to give defendant’s proposed instructions if the given instructions adequately cover the defense theory).
To the extent Goldtooth contends he should have had a specific instruction on ratification or approval by the Tribe, that theory was not supported by the evidence at trial. See United States v. Bowman, 720 F.2d 1103, 1105 (9th Cir.1983) (court is only required to give instruction on theory of defense if supported by the evidence); cf. Bear, 439 F.3d at 569 (noting public authority defense was a viable defense and required sua sponte instruction). We certainly cannot say it was plain or obvious error not to give a more specific instruction under these circumstances, or, even assuming error, that it affected Goldtooth’s substantial rights.
Nor did the district court plainly err by instructing the jury it could infer intent to convert from the facts and circumstances attending the act. Unlike the impermissible evidentiary inference instructions disapproved of by United States v. Rubio-Villareal, 967 F.2d 294 (9th Cir.1992) (en banc), the instruction here did not isolate any particular piece of evidence or preclude consideration of all the evidence submitted at trial. Rather, it is a classic circumstantial evidence instruction that is relevant and appropriate in a case involving intent. See United States v. Sullivan, 522 F.3d 967, 974 (9th Cir.2008) (“intent to defraud may be established by circumstantial evidence”); Taylor v. United States, 320 F.2d 843, 849 (9th Cir.1963) (unlawful and willful purpose to retain money “is not generally susceptible of direct proof but may be inferred from the facts and circumstances of the act.”).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.