MEMORANDUM ***
Marcelino Ramos-Lopez appeals his conviction for conspiracy to manufacture 1000 + marijuana plants in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vii) and 846. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm Ramos-Lopez’s conviction.[1]
*168 We review for an abuse of discretion the denial of Ramos-Lopez’s motion for a bill of particulars. See United States v. Ayers, 924 F.2d 1468, 1483 (9th Cir.1991). The purposes of a bill of particulars are satisfied where the indictment sufficiently details the charges and the government provides full discovery to the defense. See United States v. Mitchell, 744 F.2d 701, 705 (9th Cir.1984).
Ramos-Lopez does not contest the sufficiency of discovery, and the indictment provided him with sufficient details of the charges. We agree with the district court that a bill of particulars was not necessary.
We review de novo whether the district court’s instructions adequately presented Ramos-Lopez’s theory of the case, to the extent that it was supported by law and founded in the evidence. See United States v. Somsamouth, 352 F.3d 1271, 1274 (9th Cir.2003); United States v. Duran, 59 F.3d 938, 941 (9th Cir.1995). We review for an abuse of discretion the district court’s findings regarding evidentiary foundation. Id.
We agree with the district court that Ramos-Lopez’s theory of multiple conspiracies is unsupported by law. The general test in this circuit for a single conspiracy is whether there was “one overall agreement” to perform various functions to achieve the objectives of the conspiracy; co-conspirators may perform separate acts in furtherance of the single conspiracy. United States v. Zemek, 634 F.2d 1159, 1167 (9th Cir.1980). The evidence is consistent with a single conspiracy implicating Ramos-Lopez. The grow area in which he admittedly participated contained well more than 1,000 plants, the statutory minimum.
We review de novo Ramos-Lopez’s motion for acquittal pursuant to Federal Rule of Criminal Procedure 29, and review for an abuse of discretion the district court’s denial of his motion for a new trial. United States v. Stewart, 420 F.3d 1007, 1014-15 (9th Cir.2005); United States v. Peterson, 140 F.3d 819, 821 (9th Cir.1998). Both motions were based on Ramos-Lopez’s erroneous contention that he was entitled to a jury instruction on multiple conspiracies. We affirm the district court’s denial of both motions.
We review the overall sentence for reasonableness in light of the 18 U.S.C. § 3553(a) factors. United States v. Marcial-Santiago, 447 F.3d 715, 717 (9th Cir.2006).
We first affirm the district court’s two-point reduction for acceptance of responsibility. Ramos-Lopez denied participation in the charged conspiracy, putting the government to its burden of proof. The district court properly denied him a third-level reduction for acceptance of responsibility. See United States v. Espinoza-Cano, 456 F.3d 1126, 1138 (9th Cir.2006).
There is no evidence that the district court’s sentence was based on the desire to penalize Ramos-Lopez for exercising his jury trial right. Cf. United States v. Medina-Cervantes, 690 F.2d 715, 716 (9th Cir.1982). Mere imposition of a heavier sentence after a defendant rejects a plea bargain does not invalidate the sentence. United States v. Vasquez-Landaver, 527 F.3d 798, 805-06 (9th Cir.2008).
Accordingly, Ramos-Lopez’s conviction and sentence are AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.