**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | No. 09-50486 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-00369-JLS-2 |
| v. | |
| **XU JUN LEE**, | **MEMORANDUM**[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Argued and Submitted August 5, 2010
Pasadena, California

Before:   **KOZINSKI**, Chief Judge, **REINHARDT** and **WARDLAW**, Circuit
Judges.

The district court did not abuse its discretion in denying Lee funds to hire an

eyewitness identification expert because he hasn't shown that "reasonably

competent counsel would have required" one.  United States v. Labansat, 94 F.3d

527, 530 (9th Cir. 1996).  Further, the other evidence of Lee's knowing

---

[*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

involvement in the smuggling conspiracy was substantial: The government introduced evidence that Lee (1) was driving in tandem with the van carrying the Asian aliens; (2) had a walkie-talkie tuned to the same channel as that of the van's driver; and (3) possessed travel documents, foreign currency and over $11,000 in U.S. currency. Therefore, Lee isn't able to show by clear and convincing evidence that he was prejudiced. See United States v. Rodriguez-Lara, 421 F.3d 932, 946–47 (9th Cir. 2005). The district court did not err in allowing the government to comment on Lee's request for an expert because defense counsel renewed his request in the prosecutor's presence, even after the judge reminded him that the request "was of a confidential nature." See Mason v. Arizona, 504 F.2d 1345, 1352 n.7 (9th Cir. 1974) ("We decline to evaluate this objection because it does not appear . . . that [the defendant] made any effort to have these motions considered ex parte."); see also 18 U.S.C. § 3006A(e).

The district court's decision to allow the government to question a witness as to whether Lee was a "snakehead" was not an abuse of discretion because the term was not unfairly prejudicial. See United States v. Gonzalez-Flores, 418 F.3d 1093, 1098 (9th Cir. 2005). Lee's own attorney used the term to question witnesses before objecting to the government's use of the term. Cf. United States v. Archdale, 229 F.3d 861, 865 (9th Cir. 2000) (finding no showing of "manifest

injustice" where challenged testimony was "very similar" to other, unchallenged testimony). The district court also did not abuse its discretion in allowing the government to cross-examine Lee about an illicit meeting with a corrupt border inspector's wife because the testimony was relevant to whether Lee's participation in the smuggling conspiracy was knowing. And the government's questions were "reasonably related" to Lee's testimony on direct that he was an unwitting participant. See United States v. Miranda-Uriarte, 649 F.2d 1345, 1353 (9th Cir. 1981).

The district court did not abuse its discretion when it refused to give Lee's proposed accomplice jury instruction because the witnesses "could [not] have been indicted for the same offense" as Lee, and thus were not accomplices. Guam v. Dela Rosa, 644 F.2d 1257, 1260–61 (9th Cir. 1981). And the court's refusal to give Lee's preferred eyewitness identification instruction wasn't an abuse of discretion because the judge read Ninth Circuit Model Criminal Jury Instruction 4.14, which properly instructed the jury about eyewitness testimony and the government's burden. See United States v. Shipsey, 363 F.3d 962, 968 (9th Cir. 2004) ("Where the instruction actually given was legally sufficient, a defendant cannot successfully contend that declining to use his specific formulation was an abuse of discretion."); cf. United States v. Duran, 59 F.3d 938, 941 (9th Cir. 1995)

("It is not reversible error . . . to reject a defendant's proposed instruction on his theory of the case if other instructions, in their entirety, adequately cover that defense theory." (internal quotation marks omitted)).

The district court's restriction of defense counsel's closing argument was not an abuse of discretion. The trial judge is "given great latitude" to control closing argument, Herring v. New York, 422 U.S. 853, 862 (1975), and refusing to allow defense counsel to analogize convicting the defendant to pulling the plug on a loved one didn't diminish the government's burden of proof. See United States v. Medina Casteneda, 511 F.3d 1246, 1249–50 (9th Cir. 2008) ("The jury is regularly presumed to accept the law as stated by the court, not as stated by counsel." (quoting United States v. Rodrigues, 159 F.3d 439, 451 (9th Cir. 1998))).

**AFFIRMED.**