MEMORANDUM **
Angela Marie Ewing appeals her jury conviction and sentence for (1) conspiracy to possess with the intent to distribute heroin and methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846; (2) possession with the intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); (3) possession with the intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); (4) conspiracy to import heroin and methamphetamine, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), 960(b)(3), and 963; (5) importation of heroin, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(3); and (6) importation of methamphetamine, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(3). We have jurisdiction under 28 U.S.C. § 1291. We affirm.
1. Sufficient evidence supported Ewing’s conviction. Viewing the facts in the light most favorable to the government, United States v. Nevils, 598 F.3d 1158, 1163-64 (9th Cir. 2010) (en banc), Ewing admitted to knowingly agreeing to work for a drug trafficking organization that imported drugs from Mexico into the United States, that the money she agreed to conceal and transport across the Mexico-United States border was generated from the sale of these imported drugs, and that her concerted activity with others, including her co-Defendant Reyna Macias, was illegal. Her agreement to participate in the drug trafficking conspiracy in this fashion rendered her guilty of activities beyond those that she specifically agreed to carry out herself — including those involving the heroin and methamphetamine concealed in the door panels of the vehicle in which she crossed the border on June 7, 2013. See Ocasio v. United States, — U.S. -, 136 S.Ct. 1423, 1429-30, 194 L.Ed.2d 520 (2016) (“The government does not have to prove that the defendant intended to commit the underlying offense himself/herself. Instead, if conspirators have a plan which calls for some conspirators to perpetrate the crime and others to provide support, the supporters are as guilty as the perpetrators”) (citations, quotations, signals and some alterations omitted). Even assuming that Ewing did not expressly agree to undertake all of the acts underlying the charged offenses, she is no less “a conspirator by agreeing to facilitate only some of the acts leading to the substantive offense.” Salinas v. United States, *922 522 U.S. 52, 65, 118 S.Ct. 469, 139 L.Ed.2d 352 (1997). Accordingly, “any rational trier of fact could have found the essential elements of the crime[s] beyond a reasonable doubt.” Nevils, 598 F.3d at 1163-64 (quoting Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).
2. The district court did not abuse its discretion in formulating the jury instructions on conspiracy. See United States v. Woodley, 9 F.3d 774, 780 (9th Cir. 1993). “A trial court is given substantial latitude in tailoring jury instruction's so long as they fairly and adequately cover the issues presented.” United States v. Powell, 955 F.2d 1206, 1210 (9th Cir. 1991) (internal quotation marks omitted). The instructions here, taken as a whole, were neither misleading nor inadequate to guide the jury’s deliberations. Id.
We review de novo the denial of a jury instruction based on a question of law, including whether the instructions adequately cover a defendant’s theory of defense. United States v. Duran, 59 F.3d 938, 941 (9th Cir. 1995). The jury was properly instructed on the elements of conspiracy, and the district court’s failure to give Ewing’s theory-of-the-defense instruction was not error, where the instructions, in their entirety, fairly and adequately covered the defense theory. See id. (citing United States v. Mason, 902 F.2d 1434, 1438 (9th Cir. 1990), overruled on other grounds by Dixon v. United States, 548 U.S. 1, 126 S.Ct. 2437, 165 L.Ed.2d 299 (2006)).
3. The district court did not abuse its discretion by instructing the jury on deliberate ignorance. The factual predicates for the instruction were satisfied and the instruction as given accurately stated the law. See United States v. Heredia, 483 F.3d 913, 921-22 (9th Cir. 2007) (en banc) (holding that whether to give a deliberate ignorance instruction is reviewed for abuse of discretion, and the sufficiency of the supporting evidence is considered in the light most favorable to the requesting party). The government introduced sufficient evidence from which a reasonable, jury could infer that Ewing was aware of a high probability that she was in possession of drug contraband and that her failure to investigate was a deliberate action taken to avoid learning the truth. Notably, a reasonable juror could have found beyond a reasonable doubt that the questionable series of events at the Arizona Mills Mall in Phoenix where vehicles were swapped to “fix” an unidentified problem, in the midst of rapid border crossings during a short period of time, made defendant aware of a high probability that drugs were in the car. Yet, at no point did Ewing inquire about the exchange of the Chevrolet Malibu for the Ford Focus, the request to put the title of the vehicle into her name, the possibility of needing to get a police report from the car dealership, the use of her cell phone by Macias to send text messages, or the myriad other unusual events during the relevant time period. Under the totality of these circumstances, a jury could reasonably conclude that her failure to inquire or investigate constitutes deliberate ignorance. See United States v. Jewell, 532 F.2d 697 (9th Cir. 1976) (en banc).
Nor did the district court commit legal error in the formulation of the deliberate ignorance instruction. See United States v. Ramos-Atondo, 732 F.3d 1113, 1119 (9th Cir. 2013) (“Deliberate ignorance involves ‘(1) a subjective belief that there is a high probability a fact exists and (2) deliberate actions taken to avoid learning the truth.’ ”) (quoting United States v. Yi, 704 F.3d 800, 804 (9th Cir. 2013)); Ninth Circuit Model Instr. 5.7. Because the conspiracy and deliberate ignorance instructions together covered her theory of the case, it *923 was not error to exclude Ewing’s proposed deliberate ignorance instruction.
4. The district court did not abuse its discretion in admitting evidence of Ewing’s border crossing history. The trial court weighed the prejudicial effect of this evidence against its probative value, pursuant to Federal Rule of Evidence 403, and we cannot say that its admission of this evidence constituted a discretionary abuse. Wagner v. Cty. of Maricopa, 747 F.3d 1048, 1052 (9th Cir. 2013).
Nor did the district court err in admitting the testimony of the case agent over Ewing’s Rule 704 objection. The district court properly concluded that the agent’s testimony recounting his interview of Ewing was merely descriptive of what transpired and did not constitute improper opinion testimony. Moreover, the district court’s decision to give a curative instruction, drafted with input from all counsel, left little room for confusion, and there is no indication that the jury was unable to follow the court’s instruction. See Dubria v. Smith, 224 F.3d 995, 1002 (9th Cir. 2000); United States v. Sanchez-Robles, 927 F.2d 1070, 1077 (9th Cir. 1991).
5. Because Ewing failed to object at trial, we review her claims of prosecutorial misconduct during closing arguments for plain error. See United States v. Moreland, 622 F.3d 1147, 1158 (9th Cir. 2010). “Under the plain error standard, relief is not warranted unless there has been: (1) ‘error,’ (2) that was ‘plain,’ (3) that affected ‘substantial rights,’ and (4) that ‘seriously affected the fairness, integrity, or public reputation of the judicial proceedings.’ ” Id. (quoting United States v. Recio, 371 F.3d 1093, 1100 (9th Cir. 2004)). Ewing’s contention that the government’s closing statement denied her due process right to a fair trial—because it made arguments that had no foundation in evidence, required inferences that were unreasonable, appealed to jurors’ concern about crime in their community, and again raised the case agent’s opinion testimony—does not withstand scrutiny. On plain error review, none of the statements amounts to improper conduct that “so affected the jury’s ability to consider the totality of the evidence fairly that it tainted the verdict and deprived [Ewing] of a fair trial.” United States v. Weatherspoon, 410 F.3d 1142, 1151 (9th Cir. 2005).
6. The district court did not clearly err in sentencing by denying a three-level downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. See United States v. Fleming, 215 F.3d 930, 939 (9th Cir. 2000) (“We review for clear error a district court’s decision to deny a reduction for acceptance of responsibility.”). Throughout, including sentencing, Ewing steadfastly denied her knowledge of the secreted drugs. Accordingly, the trial court did not clearly err in finding the absence of an acceptance of responsibility and in withholding the adjustment under Section 3E1.1. See United States v. Johal, 428 F.3d 823, 830 (9th Cir. 2005) (“[T]he reduction is inappropriate where the defendant does not admit that he or she had the intent to commit the crime.”).
The judgment of conviction and the sentence are AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3,