**NOT FOR PUBLICATION**

FILED

DEC 06 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No .   16-10280 |
| Appellee, | |
| v. | D.C. No. 4:15-cr-01134-CKJ-BPV |
| JOSE CASTRO-JUAREZ, | MEMORANDUM* |
| Defendant-Appellant | |

Appeal from the United States District Court
for the District of Arizona
Hon. Cindy K. Jorgenson, District Judge, Presiding

Submitted November 13, 2017**
San Francisco, California

Before: BERZON and FRIEDLAND, Circuit Judges, and SESSIONS***, District

Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable William K. Sessions III, District Judge for the U.S. District Court for the District of Vermont, sitting by designation.

On March 9, 2016, a jury found Appellant Jose Castro-Juarez guilty of unlawfully re-entering the United States after deportation in violation of 8 U.S.C. § 1326. Mr. Castro-Juarez argues on appeal that the trial evidence was insufficient for the jury to find beyond a reasonable doubt that he re-entered this country free from official restraint, and that the trial court should have granted his motion for acquittal. The official restraint at issue included video surveillance at the border.

The Court reviews the sufficiency of the evidence supporting a defendant's conviction de novo. *United States v. Duran*, 189 F.3d 1071, 1078 (9th Cir. 1999). The Court must construe the evidence "in the light most favorable to the prosecution" and must affirm the conviction if the evidence is sufficient to allow "*any* rational trier of fact [to find] the essential elements of the crime beyond a reasonable doubt." *United States v. Nevils*, 598 F.3d 1158, 1161 (9th Cir. 2010) (en banc) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Denial of a motion for acquittal is also reviewed de novo. *United States v. Stewart*, 420 F.3d 1007, 1014 (9th Cir. 2005).

On May 26, 2015, a United States Border Patrol officer was on duty patrolling near Nogales, Arizona, and the international border between the United States and Mexico. That same night, another United States Border Patrol agent had been assigned to the surveillance camera room/radio room at the Nogales

station. At approximately 2:15 a.m., the agent in the camera room saw someone in Green Canyon in the vicinity of "615," which is a landmark north of the international border, and radioed to ask if any agents were in the area. After the two agents spoke, the agent on patrol duty traveled to Green Canyon and located Mr. Castro-Juarez hiding in the brush approximately one-half mile north of the border.

At trial, the agent in the camera room testified that the camera used to spot Mr. Castro-Juarez does not capture the area where Green Canyon meets the international border, and that he did not see Mr. Castro-Juarez cross into the United States. Although he conceded that his memory of the event was vague, he was "pretty certain" that the first time he saw Mr. Castro-Juarez was just prior to his initial radio call. In fact, upon seeing what turned out to be Mr. Castro-Juarez, the agent radioed to see if the then-unknown person was a fellow border patrol agent, which would have made little sense if he had seen that person climb over the area's border fence. That radio transmission was recorded and played at trial. Viewing this evidence in the light most favorable to the prosecution, a rational jury could have found that Mr. Castro-Juarez was not under video surveillance at the time he crossed the border, and was therefore free from official restraint immediately prior to his arrest.

Mr. Castro-Juarez contends that, to the extent there was any factual question about the extent of video surveillance, that question was answered when the district court agreed to provide an "official restraint" instruction to the jury. A defendant is entitled to have a jury instruction on any defense theory "which provides a legal defense to the charge against him and which has some foundation in the evidence, even though the evidence may be weak, insufficient, inconsistent, or of doubtful credibility." *United States v. Yarbrough*, 852 F.2d 1522, 1541 (9th Cir. 1988); *see United States v. Fejes*, 232 F.3d 696, 702 (9th Cir. 2000) ("[A] defendant is entitled to have the judge instruct the jury on his theory of defense, provided that it is supported by law and has some foundation in the evidence." (quoting *United States v. Duran*, 59 F.3d 938, 941 (9th Cir. 1995)). The district court's decision to provide the instruction did not decide the factual question, but instead merely placed the burden of persuasion on the government to show a lack of official restraint. *See United States v. Castellanos-Garcia*, 270 F.3d 773, 778 (9th Cir. 2001) ("[T]he burden of persuasion on the issue of lack of official restraint is upon the government when there is evidence of restraint in the record."). The government carried its burden on that point.

In a closely related argument, Mr. Castro-Juarez argues that the district court erred when it denied his motion for judgment of acquittal under Federal Rule of

Criminal Procedure 29. Rule 29 authorizes a court to set aside a guilty verdict and enter an acquittal if the evidence introduced at trial was insufficient to sustain a conviction. Fed. R. Crim. P. 29(a); *see United States v. Shetler*, 665 F.3d 1150, 1163 (9th Cir. 2011). The trial court reviews the evidence in a light most favorable to the government. *United States v. Ching Tang Lo*, 447 F.3d 1212, 1221 (9th Cir. 2006). A Rule 29 motion must be denied if a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *Nevils*, 598 F.3d at 1163–64. Here, a rational trier of fact could have concluded, beyond a reasonable doubt, that the defendant was not under official restraint when he crossed into the United States. The district court therefore committed no error when it denied the motion for acquittal.

**AFFIRMED.**