NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   17-10090 |
| Plaintiff-Appellee, | D.C. No. 1:15-cr-00014-3 |
| v. | |
| ZHAOPENG CHEN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of the Northern Mariana Islands
Ramona V. Manglona, Chief Judge, Presiding

Argued and Submitted August 14, 2018
San Francisco, California

Before:  SCHROEDER, SILER,[**] and MURGUIA, Circuit Judges.

Zhaopeng Chen appeals his conviction for conspiracy with intent to

distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and

841(b)(1)(C), asserting that his conviction is not supported by sufficient evidence

and  that the district court erred by giving the jury a "deliberate ignorance" jury

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Eugene E. Siler, United States Circuit Judge for the
U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

instruction. We have jurisdiction pursuant to 28 U.S.C. §§1291 and 1294. For the reasons explained below, we vacate Chen's conviction and remand this case for further proceedings on the grounds that the district court committed reversible error when it instructed the jury that it could find Chen guilty based on deliberate ignorance.

1. Chen moved for judgment of acquittal at the close of the government's case in chief, and the district court denied Chen's request. We review the constitutional sufficiency of the evidence to support a criminal conviction by "viewing the evidence in the light most favorable to the prosecution" and determining whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Here, the essential elements of conspiracy are: "(1) an agreement to accomplish an illegal objective, and (2) the intent to commit the underlying offense." *United States v. Esquivel-Ortega*, 484 F.3d 1221, 1225 (9th Cir. 2007). Taking the evidence presented in the government's case in chief—such as Chen's communicating with the conspirators prior to arriving in Saipan, renting a car at Huang's request, driving around with Huang and Cai on the day in question, and denying knowing the whereabouts of the green car—in the light most favorable to the government, we conclude that a reasonable jury could have found the essential

2

elements of the conspiracy, and the district court did not err in denying Chen's Fed. R. Crim. P. 29(a) motion before submission to the jury.

2. Before submitting the case to the jury, the district court instructed the jury that it could find that Chen acted knowingly if it found "beyond a reasonable doubt that [Chen] was aware of a high probability that drugs were being picked up from the Sunleader warehouse, and [Chen] deliberately avoided learning the truth." We review the district court's decision to give a deliberate ignorance instruction for abuse of discretion, and, in determining the applicability of the jury instruction, we must take the evidence in the light most favorable to the party requesting it, here, the government. *United States v. Ramos-Atondo*, 732 F.3d 1113, 1118–19 (9th Cir. 2013).

Our Circuit has explained that the "deliberate ignorance instruction" should rarely be given "because of the risk that the jury will convict on a standard of negligence: that the defendant *should* have known the conduct was illegal." *United States v. Alvarado*, 838 F.2d 311, 314 (9th Cir. 1987) (citation omitted) (emphasis in original). Therefore, although rare, the deliberate ignorance instruction is proper only where the facts "support the inference that the defendant was aware of a high probability of the existence of the fact in question and purposely contrived to avoid learning all of the facts in order to have a defense in the event of a subsequent prosecution." *Id.*

We conclude that the district court erred when it gave the deliberate ignorance jury instruction. Here, the evidence does not support an inference that Chen was aware of a "high probability" that Huang and Cai were distributing methamphetamine but took steps to avoid learning all of the facts. Indeed, unlike the facts here, our Circuit has upheld the deliberate ignorance instruction in cases where the facts strongly point toward illegal activity. *See Ramos-Atondo*, 732 F.3d at 1119 (deliberate ignorance instruction was proper in drug conspiracy trial where defendant was unloading packages from a boat that traveled from Mexico to a beach in the United States, in the dark, wearing dark clothing, and without any identification); *see also United States v. Frisby*, 727 F. App'x 299, 300 (9th Cir. 2018) (deliberate ignorance instruction was proper in drug conspiracy trial where defendant was paid $400 to drive another person, carrying an unidentified bundle, a short distance, late at night, to a deserted area near the U.S.-Mexico border fence, and was asked to turn off his headlights close to the border); *United States v. Ewing*, 650 F. App'x 919, 922 (9th Cir. 2016) (deliberate ignorance instruction was proper in drug conspiracy trial where defendant failed to inquire why vehicles were being swapped to fix an unidentified problem, in between rapid border crossings during a short period of time). Chen communicating with the conspirators prior to arriving in Saipan, renting a car at Huang's request, and driving around with Huang and Cai on the day in question, are not the type of

4

"high probability" facts where our Circuit has previously approved giving the deliberate ignorance instruction. Moreover, in light of our case law counseling that this instruction should be given only rarely to avoid conviction on a negligence standard, we conclude that the facts here did not support giving the deliberate ignorance instruction.

CONVICTION VACATED; REMANDED for further proceedings.