NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 15 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KIM ALLEN; et al., | No. 17-56184 |
| Plaintiffs-Appellants, | D.C. No. 2:12-cv-01150-DMG-MAN |
| v. | |
| HYLANDS, INC., a California corporation; STANDARD HOMEOPATHIC COMPANY, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted April 11, 2019
Pasadena, California

Before: TASHIMA and PAEZ, Circuit Judges, and ALSUP,** District Judge.

Kim Allen and similarly situated plaintiffs (collectively "Allen") appeal the

district court's judgment following a jury's verdict in favor of Defendants

(collectively "Hyland's"). On appeal, Allen challenges the district court's jury

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable William Alsup, United States District Judge for the Northern District of California, sitting by designation.

instructions on the elements of the legal claims, the district court's denial of one of Allen's proposed jury instructions, its denial of Allen's motion to exclude the testimony of defense expert Dr. Edward Calabrese, the denial of Allen's motion for a new trial, and the district court's failure to make findings of fact and conclusions of law on the equitable claims.

"The gravamen of [Allen's] claims is that Hyland's products are ineffective at providing the promised symptom relief." Allen alleged that because Hyland's homeopathic products contain active ingredients in such diluted doses, they have "no effect on ailments and symptoms they are advertised for, and in fact did not alleviate the ailments or symptoms for which [Allen] purchased them." The district court certified Allen's claims for class treatment, construing the theory of the case as "Defendants made material misrepresentations about products which do not work and cannot possibly work as a matter of scientific principle, given the level of dilution of their active ingredients." In the final pretrial conference order, the district court confirmed this theory of the case in its enumeration of elements required to establish Allen's claims.

The parties submitted conflicting jury instructions: Allen's proposed instructions stated that Allen needed to prove that Hyland's products "did not" work, while the instructions proposed by Hyland's stated that Allen had to show that the products did not and "cannot relieve symptoms as represented." Allen

objected that the use of the word "cannot" in the jury instructions would heighten the burden of proof. Consistent with the class certification order and final pretrial conference order, the district court included "cannot" in the final jury instructions. The district court additionally declined to give Allen's proposed instruction that the jury "may not take into consideration the placebo effect in determining whether [Hyland's] products provided relief."

The jury returned a verdict for Hyland's on Allen's Magnuson-Moss Warranty Act claim, express warranty claim, and Consumer Legal Remedies Act ("CLRA") claim. Relying entirely on the jury's express and implicit findings of fact, the district court found for Hyland's on the equitable False Advertising Law ("FAL") and Unfair Competition Law ("UCL") claims. The district court denied Allen's motion for a new trial.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part and reverse in part.

1.    We review de novo whether the district court misstated the elements of the Magnuson-Moss Warranty Act, express warranty, and CLRA claims. *See Ostad v. Or. Health Scis. Univ.*, 327 F.3d 876, 883 (9th Cir. 2003). "Jury instructions must be formulated so that they fairly and adequately cover the issues presented, correctly state the law, and are not misleading." *Chuman v. Wright*, 76 F.3d 292, 294 (9th Cir. 1996). If jury instructions are misleading or inadequate when

3

construed as a whole, this error "requires reversal unless the error is more probably than not harmless." *Clem v. Lomelli*, 566 F.3d 1177, 1182 (9th Cir. 2009).

Here, we need not address whether the district court misstated the elements of Allen's legal claims because any error was more probably than not harmless. The phrases "do not" and "cannot" were used interchangeably by both parties throughout the proceedings, effectively conflating the concepts. In fact, in closing remarks to the jury, Allen emphasized that "'Do not' equals 'cannot.'" Thus, as this case was presented to the jury, there was no difference between "do not" and "cannot" such that a different jury instruction would have affected the verdict.

**2.** We review de novo whether the district court erred in rejecting Allen's proposed placebo effect instruction. *See United States v. Duran*, 59 F.3d 938, 941 (9th Cir. 1995). "A party is entitled to an instruction about his or her theory of the case if it is supported by law and has foundation in the evidence." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Here, Allen sought to limit the jury from considering the placebo effect of Hyland's products, citing *FTC v. Pantron I Corp.*, 33 F.3d 1088 (9th Cir. 1994), as the legal authority for the proposed jury instruction. *Pantron I Corp.*, however, involved the Federal Trade Commission Act. 33 F.3d at 1099. We have not incorporated *Pantron I Corp.* into our jurisprudence on the CLRA, Magnuson-Moss Act, or express warranty, nor has any California court. Thus, Allen's proposed instruction was not supported by law.

4

**3.**     We review whether the district court properly admitted Dr. Calabrese's expert testimony over Allen's objection for abuse of discretion. *See Pyramid Techs., Inc. v. Hartford Cas. Ins. Co.*, 752 F.3d 807, 813 (9th Cir. 2014). To qualify as an expert, a witness's proposed testimony must satisfy the requirements of Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589–95 (1993). Here, all of the requirements of Rule 702 and *Daubert* were met: Dr. Calabrese is a board certified expert in toxicology who has published multiple books as well as hundreds of papers in peer-reviewed journals; several of Dr. Calabrese's works concern the principles of hormesis, about which he was called to testify; and Dr. Calabrese's testimony on the relationship between hormesis and homeopathy was derived from a literature review citing to several peer-reviewed sources in his field. The district court did not abuse its discretion by denying Allen's motion to exclude Dr. Calabrese's testimony.

**4.**     We review the district court's denial of Allen's Rule 59 motion for a new trial for abuse of discretion. *See Hung Lam v. City of San Jose*, 869 F.3d 1077, 1084 (9th Cir. 2017). The district court may only set aside a jury verdict where the verdict is "contrary to the clear weight of the evidence." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007). Because determining the clear weight of the evidence is highly fact-specific, we "will not reverse the denial of a new trial motion if there was some 'reasonable basis' for the jury's verdict." *Id.* Here, there

was evidence that supported both parties' positions, and thus, there was a reasonable basis for the jury's verdict. The district court did not abuse its discretion in denying Allen's Rule 59 motion.

5.      As to Allen's equitable claims, we review the district court's findings of fact for clear error while conclusions of law and mixed questions of law and fact are reviewed de novo. *See Lim v. City of Long Beach*, 217 F.3d 1050, 1054 (9th Cir. 2000). "[W]here legal claims tried by the jury and equitable claims are 'based on the same set of facts, the Seventh Amendment requires the trial judge to follow the jury's implicit or explicit factual determinations.'" *Sanders v. City of Newport*, 657 F.3d 772, 783 (9th Cir. 2011). If, however, determining the equitable claims requires proof of a fact that the jury did not implicitly or expressly find, the district court must make its own determination. *See Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*, 890 F.2d 165, 170–71 (9th Cir. 1989).

Allen brought two equitable claims under the FAL and UCL. Allen's FAL deceptive advertising claim required proof of the same facts as his legal claims, namely that Hyland's products "cannot relieve symptoms as represented." The district court did not err in ruling for Hyland's on the FAL claim based on the jury's implicit factual findings.

Allen's UCL claim, however, encompassed both a deceptive advertising theory and an unfair business practices theory. The UCL's prohibition of unfair

business practices sweeps more broadly than the CLRA, Magnuson-Moss Warranty Act, or express warranty. *Compare* Cal. Bus. & Prof. § 17200; *Cel-Tech Commc'ns v. L.A. Cellular Tel. Co.*, 973 P.2d 527, 540–41 (Cal. 1999) *with* 15 U.S.C. § 2301 *et seq*; Cal. Civ. Code § 1770. The UCL's unfair prong can apply to business practices that are against public policy, *Cel-Tech Commc'ns*, 973 P.2d at 543; that are "immoral, unethical, oppressive, unscrupulous or substantially injurious," *Drum v. San Fernando Valley Bar Ass'n*, 106 Cal. Rptr. 3d 46, 53 (Ct. App. 2010); or that cause unforeseeable injuries to consumers that are not outweighed by countervailing benefits, *Camacho v. Auto. Club of S. Cal.*, 48 Cal. Rptr. 3d 770, 777 (Ct. App. 2006). The jury's narrow findings as to deceptive advertising do not resolve Allen's broader unfair practices theory. Thus, the district court must engage in fact-finding to resolve this claim, and erred in granting judgement to Hyland's without doing so. Consequently, the district court's judgment on Allen's equitable UCL claim must be reversed.

**6.** Each party shall bear their own costs on appeal.

**AFFIRMED in part; REVERSED in part and REMANDED.**

7